COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


KAREN A. BAYOUTH

v.   Record No. 2336-96-2                    MEMORANDUM OPINION[*]
                                                PER CURIAM
PIZZA HUT, INC.                              MARCH 25, 1997
AND
AMERICAN MANUFACTURERS MUTUAL
 INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Peter D. Eliades; Marks & Harrison, on
                brief), for appellant.

                (Lynne Jones Blain; Morris & Morris, on
                brief), for appellees.


        Karen A. Bayouth (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that she

failed to prove that she sustained injuries as the result of an

injury by accident arising out of and in the course of her

employment on November 2, 1994.  Upon reviewing the record and

the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Unless we can say as a matter of law that claimant's evidence

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

sustained her burden of proof, the commission's finding is binding and conclusive upon us. <u>Tomko v. Michael's Plastering Co.</u>, 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission found that claimant's evidence failed to prove that she sustained injuries causally related to a November 2, 1994 work-related incident. As the basis for its decision, the commission made the following findings:

> The claimant has the burden of proving that the cheese box which fell on her on November 2, 1994, is the cause of her right carpal tunnel syndrome and shoulder impingement. From this record, we agree with the Deputy Commissioner that the claimant has not carried her burden. Although she mentioned the incident to her fellow employees and supervisors, she denied that there was any injury. She also denied any injury when she reported to St. Mary's Hospital, to Dr. Southerland, and to Dr. Zelouf. Dr. Fiore's first mention of the incident was not until March 7, 1995, which is more than three months after the incident. When she completed her medical form in January, 1995, she was uncertain as to whether there was a work-related cause to her right upper extremity problems. It appears from the evidence that the claimant ultimately surmised in retrospect that her discomfort must be related to the box dropping on her. While this is a possibility, the delay in making this connection casts sufficient doubt on the probability of this causal link to deny the claim.

The commission, in its role as fact finder, was entitled to weigh the evidence and determine the credibility of the witnesses. <u>Goodyear Tire & Rubber Co. v. Pierce</u>, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). Based upon claimant's denial of

2

any injury in her reports of the November 2, 1994 incident to her coworkers and supervisors and her failure to report any specific injury or trauma to her initial medical providers, the commission was entitled to conclude that claimant had not proved that her injuries were caused by the November 2, 1994 work-related incident. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

For these reasons, we affirm the commission's decision.

Affirmed.